## MILMAN LABUDA LAW GROUP PLLC
3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NEW YORK 11042

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joelabuda@mllaborlaw.com
Direct Dial: (516) 303-1380

August 26, 2011

Via ECF

Hon. Judge Boyle, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York

Re:  Vacca v. Major Auto et al.
     Docket No. 10-CV-2736 (SJF)(ETB)
     MLLG File No. 19-2011

Dear Judge Boyle:

    This law firm represents the Defendants in the above-referenced matter.  Please accept this letter in response and opposition to the Plaintiffs' motion in limine, filed on August 15, 2011.  By their motion, Plaintiffs seek to preclude Defendants from introducing new evidence, identifying new witnesses and raising disputes and issues central to the case as of July 11, 2011 (the original discovery deadline).  It is Defendants' position that the motion should be denied and deemed moot as a result of this Court's order extending discovery until October 7, 2011.

    It is respectfully submitted that as the discovery deadline has been extended to October 7, 2011, that should permit Defendants to supplement their discovery responses up to and including that date and not a prior discovery deadline, which has since been annulled and extended.  Contrary to Plaintiffs' arguments, it is not Defendants' intention to continue to raise discovery issues and disputes with no "end date."  It is widely held that the discovery deadline generally operates as a bar to the introduction of new evidence, unless the party can provide a "good cause" or an otherwise sound basis as to why the information could not have been produced or identified sooner.  <u>Gotlin v. Lederman</u>, 2010 U.S. Dist. LEXIS 43101 (E.D.N.Y. May 3, 2010).

    Accordingly, Plaintiffs' motion in limine should be denied as moot and the October 7, 2011 discovery cut-off date, and not the prior July 11, 2011 deadline, should be the bar-date for the introduction or identification of "new" evidence.

                                      Respectfully submitted,

                                      Milman Labuda Law Group PLLC

                                      /s/ Joseph M. Labuda
                                      Joseph M. Labuda

cc:  Susan Bruno, Esq. (via email)