UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICHOLAS BERNHARD, RALPH NATALE,
KIRK CONAWAY, and ROY KOHN as Trustees
of THE HEALTH FUND 917 and the LOCAL 868
IBT PENSION FUND; HEALTH FUND 917
and the LOCAL 868 IBT PENSION FUND,

      Plaintiffs,

  v.

THE MAJOR AUTOMOTIVE COMPANIES, INC., d/b/a
MAJOR CHEVROLET, INC., and MAJOR DODGE, INC.;
HAROLD BENDEL; MAJOR CHEVROLET INC; and
MAJOR DODGE, INC. and HAROLD BENDEL

      Defendants.
-----------------------------------------------------------------X

10 CV 2736

AFFIDAVIT OF
HAROLD BENDEL

HAROLD BENDEL, being duly sworn, states the following:

1. I am a Manager of Major Chevrolet, Inc. and Major Dodge, Inc. (collectively referred to as "Major"), as well as an individual Defendant in this action, and submit this affidavit in support of the Defendants' motion for summary judgment.

2. Major sells and services new and used vehicles with its principal place of business at 43-40 Northern Blvd., Long Island City, New York.

3. As Manager, I primarily manage and oversee Major's used car departments.

4. I have no ownership interest in Major.

5. At all relevant times to this lawsuit, Major was a publically traded company and Bruce Bendell was Major's CEO.

6. Major is party to three (3) collective bargaining agreements ("CBA") with Local 917 IBT (the "Union") representing certain categories of employees in the Service

1

Department for Major Chevrolet, the Sales Department of Major Chevrolet and the Service Department of Major Dodge.

7. The CBA between Major Chevrolet (Sales) and the Union covers all full-time commissioned salespersons and excludes "all clerical employees, professional employees, managerial employees, confidential employees, and all other employees guard and supervisors as defined by the Act."

8. The CBA between Major Chevrolet (Service) and the Union covers only service technicians and parts counterpersons.

9. The CBA between Major Dodge (Service) and the Union covers only services technicians and parts counterpersons.

10. Pursuant to the aforementioned CBA's Major was required to make monthly contributions to the Plaintiff Funds on behalf of employees covered by the CBAs.

11. Beginning in or about December 2008, auditors designated by the Funds, Steinberg, Steckler & Picciurro (the "Steinberg Firm"), performed a payroll audit of Major's records for the period of January 1, 2002 through December 31, 2007.

12. The Steinberg Firm asked that Major produce the following documents for the audit:

    a. Employee's individual earnings records detailing wages, weeks worked and/or hours paid;

    b. Payroll tax records submitted to the federal and state government (federal form 941 and state form NYS-45 and/or WR-30);

    c. Corporate Tax Return;

    d. Federal Forms 1096 and 1099; and

  e. Reports filed with any trust funds to which you [Major] pays fringe benefit contributions on any of your [Major's] employees.

13. In or about April 2009, the Steinberg Firm provided to Major its first draft of the audit findings.

14. Between April 2009 and as late as April 2011, the Funds submitted revised audit findings, adjusted downward several times, after Major questioned the findings and submitted documentation to challenge them.

15. I have reviewed the Steinberg Firm's audit findings. While I do not agree with them, I have at least taken note of the specific hours of work that the auditors say should have been paid as employer contributions to the Plaintiff Funds.

16. Major did not deduct the amount of contributions Plaintiffs claim in the Steinberg audit to be due to them from the wages or compensation of the workers for whom the audit claims employer contributions should have been made. Instead, even to the extent contributions were made to the Funds, payments came from Major itself.

17. Major's Payroll Clerk handles the remittance of contributions to the Funds.

18. I have no authority to direct that any part of the audit findings, or any contributions whatsoever, be paid.

19. The Funds in this case never delegated to me any fiduciary responsibilities that were reviewed or evaluated by the Trustees of the Funds.

20. I did not know that I was to be considered a fiduciary of the Plaintiffs or their assets. I have never received any notice that I would or even could be considered a fiduciary of the Plaintiffs or any of their plan assets or could be considered subject to fiduciary liability.

21. No one suggested I was a fiduciary or acted as a fiduciary until this lawsuit.

22. Based on all of the above, Defendants respectfully requests that this Court dismiss Plaintiffs' complaint in its entirety and for such other and further relief as the court deems just and proper.

                                                    Harold Bendel

Sworn to before me this
1st day of August 2011

NOTARY PUBLIC

ROBERT COTTRELL
NOTARY PUBLIC STATE OF NEW YORK
NO. 01CO4886219
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES MARCH 2, 2015