UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NICHOLAS BERNHARD, RALPH NATALE,
KIRK CONAWAY, and ROY KOHN as TRUSTEES
OF HEALTH FUND 917 AND THE
LOCAL 868 PENSION FUND; HEALTH           CERTIFICATION
FUND 917; and LOCAL 868 PENSION
FUND,                                    10-CV-2736 (SJF)(ETB)

                                Plaintiffs,
    -against-

THE MAJOR AUTOMOTIVE COMPANIES, INC.,
d/b/a MAJOR CHEVROLET, INC., and MAJOR
DODGE, INC.; HAROLD BENDELL; MAJOR
CHEVROLET INC; and MAJOR DODGE, INC.
and HAROLD BENDELL

                              Defendant.
-------------------------------------------------------X

**DAVID MOSKOWITZ**, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. That he is employed by the firm of Steinberg, Steckler and Picciurro ("SSP"), CPAs, the independent auditing firm retained by the plaintiff Funds to perform payroll audits (inspections) of employers that participate in the Funds.

2. That he has read the complaint filed in this case and knows of his own personal knowledge all facts alleged therein and if called and sworn as a witness is competent to testify thereto.

3. That SSP was asked to, and did, perform a payroll audit/inspection of Defendants Major Chevrolet Inc (shop and sales departments) and Major Dodge.

4. That the audits/inspections were performed by auditor Adolfo Rodas under his direction and review.

5. That, as part of the audit/inspection procedure, Mr. Rodas utilized employees' job classifications using job codes contained on ADP payroll reports provided by Defendants.

6. That ADP job codes are set forth on all payroll reports issued by ADP.

7. That ADP job codes are provided by the employer to ADP for the employer's employees.

8. That Mr. Rodas prepared draft reports of delinquent contributions found

during the audit/inspection, with supporting spreadsheets ("the Findings"), which he reviewed for accuracy.

9. That these draft reports were provided to Defendants for comment in April 2009, before they were finalized and provided to the Funds.

10. That Defendants offered additional documentation, not provided during the audit, which caused SSP to remove certain of the Findings.

11. That revised, final Findings were provided to the Funds and to Defendants in August 2009.

12. That defendants continued to dispute various portions of the Findings with SSP and to provide documentation not provided during the audit.

13. That the Funds advised SSP to remove Findings for employees for whom the Funds had accepted affidavits. Affidavits were provided for employees who Defendant alleged to be managers and for employees who Defendant alleged to not to be covered by the collective bargaining agreements between the union and Defendants for other reasons.

14. That SSP removed Findings for these employees, which came to about 3/4 of the $1.9 million in Findings.

15. That Defendants have since specifically disputed additional Findings, most of which relate to Defendants' claims that the employees at issue had waived health coverage or were considered to be employed during months in which they received sales commissions, but not wages.

16. That, at the time the audit was performed and completed, neither Mr. Rodas nor he had any reason to think that Defendants' records were inaccurate.

17. That both he and Mr. Rodas were deposed by Defendants and answered questions about the audit procedure and Findings.

*David Moskowitz*
David Moskowitz