UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NICHOLAS BERNHARD, RALPH NATALE,
KIRK CONAWAY, and ROY KOHN as TRUSTEES
OF HEALTH FUND 917 AND THE
LOCAL 868 PENSION FUND; HEALTH           **CERTIFICATION**
FUND 917; and LOCAL 868 PENSION
FUND,                                    10-CV-2736 (SJF)(ETB)

                             Plaintiffs,

    -against-

THE MAJOR AUTOMOTIVE COMPANIES, INC.,
d/b/a MAJOR CHEVROLET, INC., and MAJOR
DODGE, INC.; HAROLD BENDEL; MAJOR
CHEVROLET INC; and MAJOR DODGE, INC.
and HAROLD BENDEL

                            Defendant.
-----------------------------------------------------------X

**JOANN EMMONS**, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. That she is employed by the plaintiff Trustees of the Local 868 Pension Fund and Health Fund 917 (the "Funds") as Fund Manager to administer the Funds on a day to day basis, and that the Funds are administered and overseen by the Trustees, who constitute the Board of Trustees of the Funds, pursuant to the respective agreements and declaration of trust for each Fund.

2. That she has read the complaint filed in this case and knows of her own personal knowledge all facts alleged therein and if called and sworn as a witness is competent to testify thereto.

3. That as Fund Manager, she is charged with keeping and maintaining the records of the Funds related to the calculation of and collection of contributions, that she requested, on behalf of the Trustees, that the Funds' auditor perform the payroll audits/ inspections of Major Automotive Companies, Inc. ("Major") at issue in this case (the "Audit"), that she communicated with the auditor on matters related to the audit/inspection and the delinquent contributions identified by audit/inspection (the "Findings") on behalf of the Funds.

4. That no one else employed by the Funds, no one else providing services to the Funds ( other than the auditors) and none of the present Trustees of the Funds have had equal or greater involvement in, or possess more knowledge about the audit/inspection and the Findings than she has.

5. That she appeared as a deponent for the Funds in response to a 30(b)(6) notice of deposition which demanded a witness "with knowledge of the claims in the (lawsuit)...specifically how the Funds calculated the level and period of contributions for each person for whom the Fund seeks contributions". **See, Exhibit "H".**

6. That she has knowledge of the claims in this lawsuit and the basis therefore.

7. That her understanding of the term "level of contributions" is that it is a term of art reflecting the contribution rate paid by a participating employer.

8. That she has knowledge of and explained, during her deposition, "how the level of contributions is calculated for the Funds". **See, Exhibit "I".**

9. That she knows how the Funds calculate the periods of contributions for Defendants' employees, but was not asked to explain this during her deposition.

10. That she explained, during her deposition, that the Funds rely on the independent, experienced auditor they retained to determine any contributions due, which are referred to as Findings and that the Funds' claims are based on the determinations of the auditors and the spreadsheets and other documents provided by the auditor to the Funds and Defendants which specify each failure to pay the contributions by employee and date of delinquency.

11. That in late 2010, Defendants informed the Funds that the Findings included amounts due for managers and other employees not covered by the collective bargaining agreements. This error occurred because Defendants used incorrect job codes in their ADP reports and denominated these employees as being members of the bargaining unit.

12. That Defendants offered to provide affidavits certifying that these employees were not entitled to benefits.

13. That the Trustees agreed to remove Findings for all employees for whom affidavits were provided if Harold Bendel agreed to indemnify the Funds for any future claims by these employees.

14. That Defendants' provided affidavits, most of which were secondhand, and agreed that Mr. Bendel would provide the indemnification for these affidavits.

15. That Findings were removed for employees for whom Defendants provided affidavits.

16. That she and the Trustees understand the procedures by which an audit/inspection will be performed and Findings calculated, but do not independently verify the calculations of the Findings made by the Funds'

2

auditors.

17. That the collective bargaining agreements for Major Dodge and Major Chevy (Shop) state that all employees in the Shop are covered, but that it was agreed that only employees working as mechanics, parts, counter persons, porters and employees doing "prep work" would be deemed to be in the bargaining unit.

18. That Health Fund contributions are due on the tenth day of the month for which they are made and Pension Fund contributions are due on the tenth day of the month following the month for which they are made.

*Joann Emmons*
Joann Emmons

G:\New Documents\Local.917.Funds\Collections\Major.chev.dodge.audits.2010\Majors SJ motion\cert.emmons.opposition.wpd